UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| THE UNITED STATES for the use and benefit of RICHARD A. CARTER, | : : : | |
| Plaintiff, | : : | |
| vs. | : : | 5:09-CV-99 (CAR) |
| FREEDOM DEMOLITION, INC.; HUNT BUILDING COMPANY, LTD.; FIDELITY AND DEPOSIT COMPANY OF MARYLAND; and FEDERAL INSURANCE COMPANY, | : : : : : : | |
| Defendants. | : : | |

*ORDER ON DEFENDANTS' MOTION TO DISMISS AND
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT*

Currently before the Court are Plaintiff's Motion for Default Judgment against Freedom Demolition, Inc. [Doc. 12], and the Motion to Dismiss filed by Defendants Hunt Building Company, Ltd.; Fidelity and Deposit Company of Maryland; and Federal Insurance Company [Doc. 7]. For the reasons expressed herein, Defendants' Motion to Dismiss [Doc. 7] is **GRANTED**, and Plaintiff's Motion for Default Judgment [Doc. 12] is **DENIED as moot**

Plaintiff brought this action under the Miller Act, 40 U.S.C. § § 3131 *et seq*. to obtain payment for the work, material, and labor it provided as a subcontractor in the construction project for building military housing units at Robins Air Force Base in Warner Robins, Georgia. This case presents the exact same factual and legal issues as a companion case filed in this district before Judge Hugh Lawson, *The United States for the use and benefit of ROC Carter Company, LLC v. Freedom Demolition, Inc., Hunt Building Company, Ltd., Fidelity and Deposit*

*Company of Maryland, and Federal Insurance Company*, 5:09-CV-101 (HL). Both cases have exactly the same Defendants, attorneys, complaints, and evidence; only the plaintiffs differ.

Like in the case at bar, Defendants filed a motion to dismiss and the plaintiff filed a motion for default judgment against Defendant Freedom Demolition in the case before Judge Lawson. Those motions presented the exact same legal issues and arguments as the motions currently pending before this Court. Judge Lawson recently ruled on the motions wherein he granted Defendants' motion to dismiss and denied the plaintiff's motion for default judgment as moot. In his order, Judge Lawson found that neither the lease nor the design-build contract was a contract for the construction of a "public work," and therefore, the Court lacked subject matter jurisdiction under the Miller Act to hear the case. See Id., Doc. 11. This Court is now faced with the exact same evidence presenting exactly the same legal issues and arguments that Judge Lawson has already faced and ruled upon.

While this Court is not bound by the opinions of a sister court within this district, the decisions of fellow district court judges are persuasive authority. Fishman v. Tobin, Inc. v. Tropical Shipping & Const. Co., Ltd., 240 F.3d 956, 965 (11th Cir. 2001). This Court is persuaded by Judge Lawson's logic and reasoning in his Order and therefore adopts such logic and reasoning for the disposition of the Motions currently at bar. Because the facts, arguments, and legal issues are the same in both cases, instead of re-writing Judge Lawson's order, the Court attaches the order in its entirety to dispose of the Motions currently at bar.

## CONCLUSION

For the reasons explained in Judge Lawson's Order in *The United States for the use and benefit of ROC Carter Company, LLC v. Freedom Demolition, Inc., Hunt Building Company, Ltd., Fidelity and Deposit Company of Maryland, and Federal Insurance Company*, 5:09-CV-

101 (HL) (attached hereto), Defendants' Motion to Dismiss [Doc. 7] is **GRANTED**, and Plaintiff's Motion for Default Judgment [Doc. 12] is **DENIED as moot**.

**SO ORDERED**, this 13th day of November, 2009.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

SSH